09-3638-ag
Lin v. Holder

BIA
Gordon-Uruakpa, IJ
A098 712 790

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten.

PRESENT:
>       JOSÉ A. CABRANES,
>       REENA RAGGI,
>       PETER W. HALL,
>            *Circuit Judges*.

─────────────────────────────────────────

BAO YI LIN,
>       *Petitioner*,

>            v.                                      09-3638-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

─────────────────────────────────────────

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bao Yi Lin, a native and citizen of the People's Republic of China, seeks review of an August 12, 2009, order of the BIA affirming the November 28, 2007, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Yi Lin*, No. A098 712 790 (B.I.A. Aug. 12, 2009), *aff'g* No. A098 712 790 (Immig. Ct. N.Y. City Nov. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

## I.    Asylum & Withholding of Removal

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Here, substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on Lin's omission from his asylum application of any mention of the two alleged arrests about which he testified at his merits hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Likewise, we defer to the IJ's determination that Lin's unresponsive demeanor when asked what he said to family planning officials that resulted in his arrest further undermined his credibility.

2

*See Shu Wen Sun v. Bd. of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007). Such were proper bases for the IJ's adverse credibility determination.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. To the extent that Lin offered explanations for these discrepancies, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ultimately, substantial evidence supports the IJ's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). Thus, the agency properly denied Lin's asylum and withholding of removal claims. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006).

## II. CAT Relief

The IJ did not err in finding that, given Lin's already questionable testimony, his failure to corroborate his claim that he owed money in China to smugglers further undermined the veracity of that claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). We similarly find no error in the IJ's finding that the background evidence contradicts Lin's claim that he would more likely than not be tortured in China based on his illegal entry into the United States. Indeed, the 2007 Asylum Profile for China as well as other background evidence, all of which the IJ quoted in her decision, clearly indicate that torture for such activities is unlikely to occur. *See Manzur,* 494 F.3d at 289; *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60

---

[1] We need not decide whether Lin's characterizations of himself as an "illegal immigrant" support the IJ's finding that Lin testified inconsistently regarding whether he feared returning to China because he illegally departed China or because he illegally entered the United States. Even if we were left with a "firm conviction of error" on that point, *see Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007), remand would be futile because the IJ's credibility determination was, as a whole, supported by substantial evidence, *see* 8 U.S.C. § 1158(b)(1)(B)(iii).

(2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk